Filed 1/24/19; Certified for Publication 2/25/19 (order attached)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re L.D., a Person Coming Under the Juvenile Court Law. | H045544 (Santa Clara County Super. Ct. No. 17JD024833) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, Plaintiff and Respondent, v. M. J., Defendant and Appellant. | |

The Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) gives Indian tribes the right to intervene in dependency proceedings "where the court knows or has reason to know that an Indian child is involved," and foster care placement or termination of parental rights for the Indian child is being sought. (*Id*., at § 1912(a).) To that end, the party initiating dependency proceedings must provide the Indian child's tribe with notice of the proceedings and the right to intervene. (*Ibid*.) In this dependency action, the mother of L.D. belatedly challenges the juvenile court's finding made at the jurisdictional and dispositional hearing regarding compliance with ICWA. We will dismiss the appeal for lack of jurisdiction.

I. BACKGROUND

The Santa Clara County Department of Family and Children's Services filed a juvenile dependency petition on behalf of nine-year-old L.D. At the initial detention hearing mother informed the court of Native Alaskan ancestry. She identified a possible affiliation with "Doyon—Alaska," and related that her mother (L.D.'s maternal grandmother) knew more about the ancestry.

At the jurisdictional and dispositional hearing, the Department reported that it had investigated the ICWA matter and sent notice of the dependency proceedings to a tribe in Alaska. According to the social worker's report, L.D.'s maternal grandmother reported having Eskimo heritage, mentioning "the Doyon tribe as well as Tanachief." The notice, identifying L.D. as possibly Athabascan Indian, was sent in November 2017 to the Native Village of Tanana in Alaska, the Bureau of Indian Affairs in Sacramento, and the Secretary of the Interior in Washington, D.C. Receiving no objections from the parties, the court found the notice satisfied ICWA.

The court found true the allegations in the petition that mother had sexually abused L.D.; had failed to protect L.D. from sexual abuse by mother's boyfriend; had physically attacked her father (L.D.'s maternal grandfather) in the presence of L.D., and during that altercation mother's boyfriend had brandished and threatened the maternal grandfather with a handgun.

L.D. was declared a dependent of the court. She was removed from mother's custody and ordered into the custody of the Department, with the expectation she would be placed with the maternal grandfather who had been caring for her informally for several years. Mother waived her right to reunification services, and the court set a selection and implementation hearing under Welfare and Institutions Code section 366.26. The juvenile court advised mother, who was in custody facing criminal charges related to the circumstances alleged in the dependency petition, that the right to appellate

2

review was by extraordinary writ to be filed within seven days, and personally served mother with a copy of the writ advisement.

Following the hearing, the court issued a three-year juvenile restraining order protecting L.D. from mother. The court found that mother had intentionally or recklessly caused or attempted to cause bodily injury and sexual assault on L.D., and had caused L.D. reasonable apprehension of imminent serious bodily injury. The restraining order prohibited mother from having a gun and required mother to sell or surrender any gun within her immediate possession or control. Having found that mother had possessed or had access to a handgun before her arrest, the court set a gun surrender hearing. At that hearing held on January 12, 2018, the court found that mother owned or had access to a gun and failed to show the gun had been surrendered or confiscated, in violation of the juvenile restraining order. Given mother's custody status, the court noted its willingness to revisit the matter after mother's release if she were to provide evidence of the gun's surrender.

Mother filed a timely notice of appeal from the order following the gun surrender hearing, identifying the court's finding that she had access to a firearm in violation of the restraining order as the basis for her appeal. But her briefing in this court does not address the restraining order or its conditions. Instead mother challenges the juvenile court's December 5, 2017 finding regarding ICWA compliance, and the Department concedes (without giving reasons) that its November 2017 notice was insufficient. Mother argues in supplemental briefing that her ICWA challenge is timely. L.D. views mother's ICWA challenge as timely, but argues that the Department's November 2017 notice was proper. L.D. also has requested judicial notice of three ICWA notices (sent in August, September, and October 2018) for the selection and implementation hearing, and contends mother's appeal is moot in light of those notices.

3

## II. DISCUSSION

### A. TIMELINESS

Relying on *In re Isaiah W.* (2016) 1 Cal.5th 1 (*Isaiah*), mother argues that an appellate challenge to the juvenile court's ICWA finding may be raised at any time during a dependency proceeding because error under ICWA is of a continuing nature given the juvenile court's duty to comply with ICWA's notice requirement. L.D. takes a narrower position, also based on *Isaiah*, that the ICWA challenge is proper because it is from an appealable post-disposition order.

In *Isaiah* our Supreme Court addressed whether a parent who does not timely appeal a juvenile court order that includes a finding of ICWA inapplicability may still challenge that finding on appeal from a later order terminating parental rights. (*Isaiah*, *supra*, 1 Cal.5th at p. 6.) As here, the ICWA finding in *Isaiah* was made at the jurisdictional and dispositional hearing, and appellate review was not sought at that time. (*Ibid*.) But unlike mother's appeal from a proceeding on compliance with a juvenile restraining order, the *Isaiah* appeal was taken from an order terminating parental rights. (*Id*. at p. 7.)

Explaining why the parent's challenge was timely, the *Isaiah* court emphasized that the parent was not challenging the juvenile court's ICWA finding from the jurisdiction and disposition hearing, but was challenging a finding of ICWA inapplicability foundational to the order terminating parental rights. (*Isaiah*, *supra*, 1 Cal. 5th at p. 10.) Because the termination order "necessarily subsumed a present determination of ICWA's inapplicability," and the validity of the order "is necessarily premised on a current finding by the juvenile court regarding compliance with ICWA's notice requirement," the challenge based on ICWA in an appeal from the order terminating parental rights was proper and timely. (*Id*. at pp. 11, 15.)

In contrast, the order made at the gun surrender hearing here is not premised on any ICWA finding. Although we are mindful of the juvenile court's continuing duty to

4

comply with ICWA (Welf. & Inst. Code, § 224.2, subd. (a); *Isaiah*, *supra*, 1 Cal.5th at pp. 10–11), ICWA notice is required "for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement." (Welf. & Inst. Code, § 224.3, subd. (a).) The gun surrender hearing resulted in no such order. As the reasoning of *Isaiah* does not extend to the facts presented here, the appeal is untimely. (Welf. & Inst. Code, § 366.26, subd. (*l*)(1)–(2); Cal Rules of Court, rules 8.450(e)(4)(a), 8.452; *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018.)

*Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, cited by mother (and the *Isaiah* court), is distinguishable in that the appeal in that case was taken from an order terminating reunification services and scheduling a selection and implementation hearing. (*Id.* at p. 251.) The ICWA issue was cognizable in the context of that order because the error under review was the failure to provide ICWA notice of the 12-month review hearing, which led directly to the challenged setting of a selection and implementation hearing. (*Id.* at p. 261.) Here, mother does not appeal from an order scheduling a selection and implementation hearing. She appeals from a gun surrender order unrelated to the purposes of ICWA notice.

## B. MOOTNESS

L.D. argues that mother's appeal is moot because the Department sent amended ICWA notices based on new information concerning her possible Indian ancestry. (L.D. has asked us to take judicial notice of the second, third, and fourth amended ICWA notices of the selection and implementation hearing which were sent in August, September, and October 2018. We will grant the request, which is unopposed.) Relying on *In re Louis S.* (2004) 117 Cal.App.4th 622, in which the appellate court concluded that a deficient initial notice was not cured by a later notice (*id.* at p. 631), mother counters that the Department has not met its burden of establishing harmless error, and therefore her appeal is not moot.

5

Given our determination that the appeal is untimely, we need not decide whether it is also moot.  But the Department's concession that its November 2017 notice was deficient and its apparently ongoing efforts to provide additional tribal notice will require the juvenile court to revisit its ICWA finding before proceeding with the selection and implementation hearing (set for February 22, 2019 according to the register of actions in this matter, of which we take judicial notice on our own motion [Evid. Code, §§452, subd. (d), 459]).  (*In re Louis S.*, *supra*, 117 Cal.App.4th at p. 634, fn. 9 ["The permanency planning hearing should not occur until the Agency properly serves notice on the tribe or tribes and the BIA."].)  The juvenile court must determine whether sufficient notice has been sent to "[a]ll tribes of which the child may be a member or citizen, or eligible for membership."  (Welf. & Inst. Code, § 224.3, subd. (a)(3)(A); see also *In re Louis S.*, *supra*, 117 Cal.App.4th at p. 630 [meaningful notice requires sufficient information for a tribe to determine whether the minor is an Indian child].)

### III.      DISPOSITION

L.D.'s request for judicial notice is granted.

The appeal is dismissed.

_____

Grover, J.

**WE CONCUR:**

_____

GREENWOOD, P. J.

_____

ELIA, J.

**H045544 - *In re L. D.; DFCS v. M.J.***

Filed 2/25/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re L.D., a Person Coming Under the Juvenile Court Law. | H045544 <br> (Santa Clara County <br> Super. Ct. No. 17JD024833) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M. J., <br><br> Defendant and Appellant. | **ORDER GRANTING REQUEST FOR PUBLICATION** |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on January 24, 2019.

Dated: _____

_____

Grover, J.

_____

Greenwood, P. J.

_____

Elia, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. JD024833 |
| Trial Judge: | Hon. Michael L. Clark |
| Counsel for Plaintiff/Respondent:<br>Santa Clara County Department of<br>Family and Children's Services | James R. Williams, County Counsel<br>Laura Underwood, Deputy County Counsel<br>Office of the County Counsel |
| Counsel for Minor:<br>L.D. | Under appointment by the Court of Appeal<br>Anna L. Stuart, Esq. |
| Counsel for Defendant/Appellant:<br>M.J. | Under appointment by the Court of Appeal<br>Jamie A. Moran, Esq. |

**H045544 - *In re L. D.; DFCS v. M.J.***