Filed 12/23/25  In re Z.S. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Z.S. et al., Persons Coming Under the Juvenile Court Law. | B345939 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.S.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 21LJJP00490E, F |

APPEAL from order of the Superior Court of Los Angeles County. Jennifer W. Baronoff, Commissioner. Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother A.S. challenges the juvenile court's order granting the petition of the Los Angeles County Department of Children and Family Services (DCFS) to require a monitor for her visits with her minor children Z.S. and N.S.

Mother's sole ground for appeal concerns compliance with the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) and the California Indian Child Welfare Act (Cal-ICWA; Welf. & Inst. Code,[1] § 224 et seq.). As Mother fails to identify any such error in the order appealed, we affirm.

## BACKGROUND

We limit our recitation of the facts to those relevant to the matter before the court.

The juvenile court exercised jurisdiction over the children pursuant to a section 300 petition filed in October 2023. The petition alleged the children's father had recently murdered the children's two other siblings, and inflicted serious injuries on the surviving children, after Mother allowed Father access to the family in violation of a prior custody order. Father was arrested, the children were detained from Mother and Father and placed in foster care, and the court ordered only monitored visitation for Mother. The court sustained the petition in April 2024.

On March 27, 2024, the juvenile court entered an interim order in the adjudication hearing. That order gave DCFS authority to liberalize Mother's visitation to unmonitored with approval of the court. It also contains the only ICWA finding Mother references in her opening (and only) appellate brief. The juvenile court found ICWA inapplicable on the record then before it.

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

In February 2025, the juvenile court approved unmonitored visitation between Mother and the children at a DCFS or other social services office. Less than a month later, the children revealed Mother put them on the phone with Father during an unmonitored visit in contravention of a prior court order. DCFS filed a petition under section 388 to revert Mother's visitation to monitored. The court granted that petition on March 26, 2025, on an interim basis and on May 5, 2025, after the conclusion of a full evidentiary hearing. It made no finding as to ICWA compliance in connection with those orders. No issue related to ICWA was raised in the petition or at the hearing on the petition.

Mother timely appealed the juvenile court's May 5, 2025 order granting DCFS's section 388 petition.

## DISCUSSION

"The juvenile court's orders are 'presumed to be correct, and it is appellant's burden to affirmatively show error.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 79.) An appellant may not meet this burden by showing error in a prior order as to which the time for filing an appeal has passed. (See *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018 ["An appeal from the most recent order in a dependency matter may not challenge earlier orders for which the time for filing an appeal has passed."].)

Mother claims only ICWA error. ICWA was enacted to protect Indian[2] children, tribes, and families from " 'abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Central to achieving this

---

[2]     We use this term as defined in section 1903 of title 25 of the United States Code.

purpose is the provision of notice to Indian tribes of child custody proceedings affecting child members (or those eligible for membership), so as to afford tribes the opportunity to intervene in, or exercise of jurisdiction over, the proceedings. (*In re Delila D.* (2023) 93 Cal.App.5th 953, 965.) Central to the provision of such notice is the ascertainment of any actual or potential tribal affiliation of any child who enters a state welfare system. Thus, ICWA and Cal-ICWA impose various duties on child welfare departments and courts overseeing child custody proceedings to inquire into a child's potential Indian ancestry and afford notice to tribes where the child is known to be, or there is reason to know the child is, an Indian child. (See, e.g., *Delila D.,* at p. 965.)

In her brief, Mother identifies just one ICWA finding by the juvenile court. This finding was made on March 27, 2024—more than a year before the order she appealed. The court found it had "no reason to know or believe that [ICWA] applie[d]." Nowhere in Mother's brief does she assert the court made any ICWA finding—express or implied—in its May 5, 2025 order granting DCFS's section 388 petition.

In its respondent's brief, DCFS argues there was no ICWA finding in the section 388 order because ICWA and Cal-ICWA apply only in those limited proceedings covered by the parallel definitions found in section 1903(1) of title 25 of the United States Code and Welfare and Institutions Code section 224.1, subdivision (d)(1). Such proceedings are generally limited to those implicating child custody or termination of parental rights.

DCFS cites two cases that directly support its position, *In re L.D.* (2019) 32 Cal.App.5th 579 and *In re N.F.* (2023) 95 Cal.App.5th 170. The *In re L.D.* court concluded an order resulting from a gun surrender hearing was not premised on any

ICWA finding because the hearing was not one which could " 'culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement.' " (*In re L.D.,* at p. 583, quoting § 224.3, subd. (a).) The *In re N.F.* court held "ICWA did not apply to the postpermanency hearing on mother's section 388 petition because it was not an Indian child custody proceeding." (*In re N.F.*, at p. 180, citing § 224.1, subd. (d)(1) & 25 U.S.C. § 1903(1).) Though the fact that the section 388 petition was postpermanency supported an alternative ground for its conclusion (see *In re N.F.*, at p. 180 [proceeding was no longer a dependency proceeding]), the following reasoning applies with equal force to a hearing on a prepermanency section 388 petition: "ICWA notice must 'be provided for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement.' [Citation.] The section 366.26 hearing at which the court selected legal guardianship as N.F.'s permanent plan was an Indian child custody proceeding; the postpermanency section 388 hearing was not. None of the above outcomes was possible at that hearing—mother was seeking to reunify with N.F. and for his ultimate return to her care" (*In re N.F.*, at p. 180).

Here, the children were already out of Mother's custody. DCFS's section 388 petition concerned only a discrete visitation issue. The hearing on that petition could not have resulted in a change in custody or termination of parental rights. Under *In re L.D.*, *supra,* 32 Cal.App.5th at page 583 and *In re N.F.*, *supra,* 95 Cal.App.5th at page 180, ICWA would therefore not apply such that failure to make any ICWA finding would have been no error.

Mother's failure to respond to DCFS's argument may be treated as a concession of merit. (See, e.g., *Rudick v. State Board of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"]; accord, *Ross v. Superior Court* (2022) 77 Cal.App.5th 667, 681.) We need not imply such a concession. Because she failed to even *identify* any error in the order appealed, Mother necessarily failed to carry her burden of *showing* error.

**DISPOSITION**

The juvenile court's order is affirmed.

RICHARDSON, J.

WE CONCUR:

CHAVEZ, Acting P. J.

SIGGINS, J.[*]

---

[*]    Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.